Good morning. I am Paul Eaglin. I represent Sherry Larson of Fairbanks in this action against the Acting Commissioner of Social Security. This has to do with a mandamus action that I brought on behalf of Ms. Larson with respect to her claim of entitlement to Title II disability benefits. That is, Title II meaning that it is the disability program, retirement program that she paid into during her working career in covered employment. This does not involve welfare. She is not asking for a handout. This is not supplemental security income. Ms. Larson paid for this through her working years. Could I ask you a question before you start? Yes, sir. At the time the briefs were written, this issue was before the Appeals Council. Is it still there waiting for a decision, or has that decision been made? The action with respect to the March 19th notice of award that she proceeded before Judge Hebda is still with the Appeals Council. Isn't that the full case? No, sir. You mean there is more that has never gone to the Appeals Council? Maybe I need to be sure what you mean by the full case. My contention is that the case arises from her March 16th notice of award that was paid. And that was favorable? That is the favorable one? Yes, sure, there is two. March 16th, 2010, favorable award based on her January 2010 application for disability benefits. That was paid. She applied in January. The commissioner sent her a letter signed March 16th, 2010, saying we fine your disabled from 2004 to 2009, but we can only pay you for 12 months retro. The second document that's critical here, Judge Wallace, that you're referring to now, is the March 19th denial of the application. And it's clear that the application is the very same application. So it's the very same claim that was first ruled favorably upon, then was denied. Three days later. Right, and then you appealed that to the Appeals Council. Ms. Larson did, Your Honor. Okay. Judge Ward, Ms. Larson was not represented. Right, but she still filed an appeal with the Appeals Council for the denial. That's correct. And that's the thing that's still pending with the Appeals Council? That's correct. Okay. When the Appeals Council makes that decision, is that going to end the case as far as you're concerned? No, sir. My feeling, and on behalf of Ms. Larson, is that the case ended and should have ended with the March 16th notice of award that was paid. And the reason we're before you for mandamus relief is to ask this court to require the Social Security Administration to abide by what Commissioner Astru told her on March 16th, 2010, that she is disabled. Here's $12,000. And is that issue before the Appeals Council? No, sir. The March 16th, the issue of the – well, actually, I should correct myself. Yes, I believe that it is, sir. Here's why. She was not represented at hearing before Judge Hebda. At the hearing before Judge Hebda, as I alleged in the complaint, she said, I don't understand how you can award me and then take it away like this. She's by herself. She's unrepresented. She doesn't understand what's going on. Judge Hebda told her, as I alleged in the complaint, that is not before me. So as I said in the brief, Judge Hebda said that. He's the agency's adjudicator, saying the March 16th notice of award is not before me. My contention is, yes, it was before him, and it should have ended the case, Judge Wallace, because if Judge Hebda had seen and paid attention to the March 16th notice of award letter that was in the record, he should have brought that proceeding to an end right then and there. I'm not going into the merits of it. I was curious because you brought a mandamus case, and we have a position that mandamus is a very tough case to secure. True. And if this issue is actually before the appeals council, it seems to me that an argument can be made that that should be exhausted before we do mandamus. At least we have cases that say that. And you shake your head, and I guess you disagree with the cases. I disagree very much, Judge Wallace. Here's why. The reason we're asking for mandamus relief is January 2010 she applied. March 16, 2010, the commissioner told her, we find you're disabled from 2004 to 2009. We're paying you for 12 months retroactive because that's all the law allows. That was it. She had attained her constitutionally protected interest there. That's why we're seeking mandamus relief is because we're trying to validate and vindicate her constitutionally protected property interest. But, counsel, you're seeking it through mandamus, and I think what Judge Wallace is getting at is the very same question I have. You have a pending appeal that your client filed arising from the denial that came three days later. Why isn't that adequate relief? If your client has another option available that constitutes adequate relief, she's not entitled to mandamus under our case law. So I just want to give you an opportunity to go to that question. It is not adequate relief because the interest that she seeks to vindicate is the one from March 16. The proceeding that is before the appeals council, if you look at the notice of hearing from Judge Hebda having to do with her appeal of the March 19th denial of the very same application, that says what is before me is the March 19th denial of your application. It does not say that what was before him was on March 16th. That is why what is before the appeals council cannot be valid with respect to her constitutionally protected interest growing out of the March 16th notice of award. Okay. I'll assume all that. And assume that you proceed to the end of the appeals council, and Judge Hebda has said, well, I'm not going to talk about the March 16th for whatever reason. Don't you then get an appeal to us where you can make the argument that Judge Hebda was wrong to say that March 16th was not before him because the two March 16th and March 19th orders are inextricably intertwined and they can't both be right? Because on the other hand, she would have no incentive to appeal the award. So there's no reason for her to have gone to the appeals council with the 16th. However, when she's got the award and it's taken away from her on the 19th, that she should raise it and let him rule, and then he could be deemed later to be wrong, if that's what you think. Judge Wardlaw, first, there are several questions. Number one, with respect to whether the appeals council disposition would then permit me to go to federal court with that, I don't know because I would need to see what the appeals council says in its disposition. If it denies relief, it may say some other things or take other things into account. I don't know. Now, the other thing is I believe that you were saying that it was disposing of or somehow affecting her March 16th notice award, but it did not and it does not. That is not before the appeals council. You just have to look at the issues statement for the notice of hearing that she received from Judge Hebda. I would like very much to reserve time. I'm about to run out of time. I'd like to answer him. But you said she asked him, asked the judge to consider it, right? At the hearing, she said to Judge Hebda, I don't understand how you can tell me on March 16th that I'm disabled and pay me and then tell me three days later that I'm not. See how she got payment? Almost $12,000. And so have they asked her to give it back? They have. And that's part of this? At least from my point of view, because part of the relief that I'm asking is for this court. Part of the appeals council proceedings. Oh, no. The overpayment charge by the administration is not before the appeals council, Judge Warlock. Where is that pending? It is still at the district office level. And when I tried to get them to engage me about that, they would not do so. I went there repeatedly, and I stopped going because it was a waste of time. All right. Why don't you reserve the rest of your time? Good morning, Your Honors. Gerald Hill for the Commissioner of Social Security. I'll start by trying to address a couple of questions you asked Mr. Eaglin. Can the claimant bring her argument to this court in a 405G action that the March 16th notice of award should have been before Judge Hebdon? The claimant can do that. She does not have to raise that issue before the appeals council to bring it to this court in a 405G action. As long as she raises it before the ALJ, she can do that. The issue of the overpayment and what is before the appeals council presently, Mr. Eaglin is right. That's a separate procedure. In researching my brief, I think I have the possible answer for why the appeals council is not moving on the request for review of the ALJ decision and probably also the reason that the field office is not moving on the overpayment relief request, and that's because the HALAC says that the appeals council is going to keep these cases until this court rules or until a federal court resolves the claims. I think that's rather an interesting governmentalese approach. We haven't been asked to resolve it. We've been asked to give mandamus, and under a mandamus law, if the government is proceeding with it, then we don't have mandamus jurisdiction. So the government says, well, we're not going to do anything unless you decide it. Well, I don't know the policy behind it. I can guess some reasons for it. Well, our mandamus law is to give the government the option of making the decisions. That's the idea behind this exception to mandamus is to let the government make a decision. Now, the government is supposed to make a decision on these. They're the experts in Social Security, and they want to sit on their chairs and wait for us to tell them what to do. So it strikes me that the government is really off base on this one. And I appreciate your frankness of looking into it to find out why it hasn't been done. But it strikes me that, at least from my view, the government is really off on this one. I'm not blaming you. You're the one that told us the issue. Well, I can certainly deliver a message, and they will move. I'm just one-third of the court to saying something that bothers me. But it does come home to roost because we have to decide on the basis of the mandamus request of whether the government is going to make the first decision. If they can make the first decision, we don't have jurisdiction to do mandamus. Now, they have that right, but they're not using it. And then we have to sort out what that means to mandamus. And if we do anything, we're simply not – I doubt that we're going to do – they give them an answer. We're going to tell them to give an answer. So it's just going around in circles, and counsel, in the meantime, is waiting for some answers of his own. So how do we undo this snarl? Well, my suggestion for undoing the snarl, not to – I don't mean to be glib, but would be to affirm the district court's judgment, and then the appeals council will proceed to make a ruling on the request from the – But the district court came up with some theory that between March 16 and March 19, the agency sort of renewed the proceeding. But that's just his own speculation, really, that they renewed the proceeding and found the other way. I mean, at the bottom of this, somebody made a mistake in SSI, and or two people were working on this at the same time and came to different conclusions. Those dates are so close. Do we know anything about what happened other than what the district court speculated? Well, Mr. Eaglin is – I'm sorry, Mr. Weigel, Robert Weigel, of the Court Preparation and Review Branch of our Office of Disability Adjudication and Review, he wrote that he thinks it's a clerical coding error that resulted in a payment and a notice of award. But I don't have any – the only thing I know about this – and think what you're doing to someone who's disabled who's coming to the SSI for benefits. I mean, that's really a pretty extraordinary error. Well, we – the government does not concede that Ms. Larson is disabled within the meaning of the Social Security Act. I realize that. I realize that. We certainly are in a position to determine that. But someone determined that and told her that. That's true. Yes. Counsel, if it was an error – and I understand that you're saying – that your position in your briefing is that it was simply an error, a coding error, somebody goofed. But that's not what the district court relied upon, and you're asking us to affirm the district court. And the district court, as Judge Wardlaw indicated, suggested that this claim should have been considered to have been reopened. Is there anything in the record to indicate that it was actually reopened? That's not the government – reopening is not the government's theory of the case. The reopening finding – So how would we affirm the district court? I didn't understand. I don't mean to interrupt. But I didn't understand anything in your briefing to indicate that you agreed with that theory about reopening. So what is your theory? Well, this court can affirm on any grounds. And our theory is that whether the March 16, 2010, was an initial determination that became otherwise binding and we had to have notice to reopen it, whether that's true or not is not relevant to the issue of whether the claimant has adequate remedies under the Social Security Act. So that gets back to Judge Wallace's point, right? Yes. It's inadequate. Right. How adequate is it if your internal policy is we're not doing anything until the court rules? So she's really in a bind. Yeah. And that's, you know, as Your Honor recognized, out of my control. But I don't know that the adequacy of the administrative remedies should be evaluated in context with the policy about what happens while a civil action is pending. I guess the whole point would be to avoid the civil action and go through the administrative proceedings first, get a final decision, get a certified record about what supports the decision. Then we don't have to rely on the affidavits that created some of the problems. In this case, we don't have to have a question about what documents are in the record or support certain findings, then they're all there. We have a complete record, and that's one of the requirements for exhausting administrative remedies. Shouldn't what happened with the March 16 award, if we're to deny mandamus, shouldn't we require the Appeals Council to consider what happened with the March 16, that it's all wrapped up in a bundle for appeal later? Well, the ALJ only considers the question of disability, and that's I'm sure why he said the notice of award was not before him. She appealed a determination that she was not disabled, and so what was before the ALJ was whether she was disabled based on the evidence before him. But it's the very same evidence, isn't it? I know I'm interrupting, forgive me, but it's not like there were two different appeals. It's the same claim. It's the very same claim, exactly the same claim. There's nothing new or different in the file as of March 19. She just got a different result, right? Yes, but initial determinations, assuming the March 16 award was an initial determination, which is not our theory, but if it is, any initial determinations are irrelevant when it goes to the ALJ to determine disability on the application because those prior findings and determinations are not part of the ALJ's consideration. But isn't this kind of a silly fiction to talk about the 16th, the decision on the 16th, not being before the ALJ when we look at the 19th? It's the same decision. It's the same file, same claim. It is the same claim, certainly. So it's also not a fully favorable decision, the notice of award. I think the judge did not, and that's because it ended on her date last insured in 2009, so it's not fully favorable because the period before the ALJ was a longer period. Counsel, this is what makes people crazy about working with the federal government. What's the answer to get this woman's claim fairly addressed, up or down? What's the answer? The ALJ's decision will be either reviewed or not by the appeals counsel after this case is dismissed, and the challenge to the overpayment will be handled by an agency, right? It's the same agency, but they're handled by different components. Are they talking to each other? I'm sure there's not as much talking to each other as we would like. The ALJs and the appeals counsel are concerned with disability, and the overpayment starts at a lower level, but eventually will result in a final decision. A hearing may be available before an administrative law judge, but we have overpayment appeal procedures, and that also can be the subject of a 405G action. So those regulations are 20 CFR subpart F. You're going to require us to be awful creative in this. Unless you want to give us a solution, we're going to give you one. So this is my last request. I can confer with the client and try to get them moving despite their policy. I can't promise you that they will act. It's just that I think Judge Wallace's point is so well taken. You really are the experts in this area, and we're obliged to rule on this, and we will, but perhaps not exactly with a scalpel, because you're in a much better position to craft a solution that will get to a result that makes sense for folks. That's all. So are you talking about mediation? I hear her claim it's a lack of notice. If I can get the agency to produce some notice, but she'd have to agree to drop her case or something like that. Well, I'm not trying to mediate it right here. I'm just trying to get to a place where, up or down, she gets to a fair result without one part of Social Security pointing the finger at the other part of Social Security and nobody really getting to the merits of her claim. So we're litigating about litigating. In other words, all caught up in procedure and not getting to the merits. I agree. But I think the reason we're here is because the mandamus action got filed prematurely, and we would have full records both on the disability issue that was before the ALJ and on the overpayment issue that resulted from the ALJ's decision. So those would both be resolved and have final decisions that could be challenged in this court, and they would be certified administrative records, and we would all know about state of the record. Two years from now. What's that? Two years from now. Well, we're moving pretty fast, actually, before this case got filed on this claim. I mean, I don't know how long it will take. Okay. All right. All right. Thank you, counsel. We do ask that you affirm the judgment of the district court. Thank you. Thank you. Give him two minutes. That's when he asked for time. Thank you. An appeals council resolution will not be able to resolve my client's constitutional claim. I anticipate that's going to survive whatever comes out of the appeals council if it denies review. As I said before, I don't know what they will say. I can't anticipate that. But I have a strong feeling, though, however, that an appeals council denial of review would leave in place her constitutional claim. As I indicated in the briefing, Judge Hebda, as an agency judge, as an ALJ, cannot dispose of that. That's clear. The appeals council, I would argue, probably also cannot dispose of that. There are some very narrow provisions whereby a claim of unconstitutionality can jump the appeals council altogether. It can give permission for one to go to federal court. But I didn't mention that at all because it was not necessary to get into that at all here. So that goes also to the point that Judge Wallace was making, which is suggesting why any resolution that may be out there is inadequate. It will not be able to dispose of the constitutional claim, and the delay waiting for you, who's waiting for them, just puts more and more on Sherry Larson. I would also like to mention, it's come up a couple of times, the reference has been to SSI. As I said at the beginning, Ms. Larson is not asking for welfare. This is not SSI. This is based on her work record. She worked through her life for this. This is what she was promised. This is not SSI. That's welfare. This is not welfare. I see that my time is out. Thank you very much for hearing Ms. Larson's case. All right. Thank you very much, Counsel. Larson v. Coleman will be submitted, and this session of the court is adjourned for today.
judges: WALLACE, WARDLAW, CHRISTEN